UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MELISSA TEMPEL,**

    **Plaintiff,**

    **v.**                                             **Case No. 23-CV-1169**

**SCHOOL DISTRICT OF WAUKESHA and**
**JAMES SEBERT,**

    **Defendants.**

## DECISION AND ORDER ON STIPULATED MOTION FOR A PROTECTIVE ORDER

On February 1, 2024, the parties filed a stipulated motion for a protective order in order to "safeguard the confidentiality or proprietary nature of certain information while allowing the opportunity for reasonable discovery." (Docket # 17 at ¶ 3.) The parties append the example protective order template found in the appendix to this district's local rules as their proposed protective order. (Docket # 17-1.) For the reasons explained below, I decline to adopt the proposed protective order. However, I invite the parties to supplement their stipulated motion to address the deficiencies in the proposed order.

Although this district's local rules provide a template for parties seeking protective orders, the protective order must still be tailored to their specific case. The Court cannot enter a generic protective order concealing unspecified amounts and types of information. This is because pretrial discovery must, as a general proposition, occur in the public eye, unless compelling reasons exist for limiting the public's access. *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *see also Citizens First Nat'l Bank of Princeton v.*

*Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999) (noting presumption of public access to discovery materials). Rule 26(c) of the Federal Rules of Civil Procedure allows the court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." However, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946.

In this case, the parties have neither articulated what categories of documents they wish to secret from the public, nor do they attempt to show good cause for doing so. Thus, it is impossible for me to determine whether good cause exists because it is entirely unclear what types of "documents" or "sensitive information" the protective order addresses. Again, not only must the parties articulate the categories of documents to be considered confidential, but they must also show good cause for keeping the information from the public. For example, employment records containing personal identifying information such as Social Security numbers is a properly demarcated category of documents for which there is good cause to keep the information private.

I invite the parties to address these inadequacies and file a modified stipulated motion for a protective order. If the modified protective order is consistent with the requirements of Rule 26(c) and Seventh Circuit case law, I will enter it.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that I will not enter the parties' stipulated protective order as currently proposed. However, I invite the parties to address the deficiencies articulated in the decision and file a modified stipulated motion for a protective order.

Dated at Milwaukee, Wisconsin this 6th day of February, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

3

Case 2:23-cv-01169-NJ   Filed 02/06/24   Page 3 of 3   Document 19