# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MELISSA TEMPEL,**

    Plaintiff,

v.                                                  Case No. 23-CV-1169

**SCHOOL DISTRICT OF WAUKESHA**

**and**

**JAMES SEBERT,**

    Defendants.

---

## STIPULATED DISCOVERY PROTOCOL GOVERNING ELECTRONICALLY STORED INFORMATION

---

The above-captioned parties (the "Parties") met and conferred through their respective counsel of record and agreed to be bound by the following provisions regarding discovery of electronically stored information ("ESI"), data, documents, and things ("Discovery Protocol").

    a.    <u>Data Accessibility:</u>

                i.    The Parties agree that the circumstances of this case do not warrant the preservation, collection, review or production of ESI that is not reasonably accessible. The remote possibility of additional relevant information existing in not reasonably accessible sources is substantially outweighed by the burden

and cost of preservation, collection, review and production of ESI from sources that are not reasonably accessible.

    ii. The Parties agree that the following ESI is not reasonably accessible or not likely to contain additional relevant information:

1. Data stored in random access memory (RAM), temporary files, or other ephemeral data that is difficult to preserve without disabling operating systems;
2. Online access data such as temporary internet files, history, cache files, cookies and the like, wherever located;
3. Data in metadata fields that are frequently updated automatically, such as last-opened dates;
4. Server, system, or network logs;
5. Other forms of ESI whose preservation requires extraordinary affirmative measures that are not customarily utilized in the ordinary course of business.

b. <u>Preservation:</u>

    i. <u>The Parties agree that all data must be collected in a forensically-sound and defensive matter, ensuring that all available metadata is preserved.</u>

c. <u>Temporal Limitations and Time Frame:</u>

i. The Parties agree the relevant time frame for purposes of preservation, collection, review and production of ESI is January 1, 2021 to present.

ii. Notwithstanding the above, the Parties shall be required to collect, process, preserve, review, or produce discoverable ESI, data, documents and things in their possession, custody, or control created for the period between January 1, 2021 and March 20, 2023 for Schedule B1.

iii. The Parties shall be required to collect, process, preserve, review, or produce discoverable ESI, data, documents and things in their possession, custody, or control created after March 21, 2023 for Schedule B2.

d. <u>Custodian Limitations</u>:

i. The Parties shall not be required to collect, process, preserve, review, or produce discoverable ESI, data, documents and things in their possession, custody, or control than the custodians listed in Schedule A unless specifically identified in a separate discovery request.

e. <u>Search Terms Limitations:</u>

i. The Parties shall utilize the agreed-upon search terms in Schedule B to collect and preserve discoverable ESI, data, documents and things in their possession, custody, or control,

consistent with the Data Type, Preservation method, Temporal, and Custodian Limitations in Paragraphs a through d of this Discovery Protocol.

   ii. These Search Terms Limitations in no way excuse the Parties from their obligation to collect, process, preserve, review, or produce non-email ESI, data, documents and things in their possession, custody, or control.

   iii. The Parties reserve the right to propose additional Search Terms as may be identified during the course of discovery. The Parties will work together in good faith to agree upon additional search terms, if any are identified during the course of discovery.

f. <u>Bounds of Limitations:</u>

   i. The provisions of Data Type, Temporal, Custodian, and Search Term Limitations in the preceding paragraphs apply only to the efforts to collect and preserve ESI, data, documents, and things. Any item that falls outside of those paragraphs is deemed to be inapplicable to this matter and need not be collected or preserved.

   ii. The items determined to be within the limitations of the preceding paragraphs may not be required to be reviewed or produced. After processing the items to identify the potential

size of the review set, the Parties will cooperate to refine the limitations to create a review population that is reasonable and not burdensome to either party.

g. <u>Responsive Documents or ESI Outside of the Discovery Protocol</u>:

　　i. Irrespective of this Discovery Protocol, the Parties must produce all documents, information, and things, including ESI, which the Parties intend to use in this case, whether or not those documents, information, and things are otherwise subject to production under this Discovery Protocol.

h. <u>Preservation</u>:

　　i. For ESI, data, documents, and things found to be relevant under this Discovery Protocol, the Parties acknowledge and agree to abide by their respective obligations to take reasonable steps to preserve those items in their possession, custody, or control consistent with the rules applicable to this proceeding, consistent with the requirements under the Federal Rules of Civil Procedure.

i. <u>Collection</u>:

　　i. The Parties have agreed to use professional, external vendors to perform the discovery collections. The Parties will use best efforts to identify and collect the data in a proper format that will preserve all relevant natives and metadata.

5
Case 2:23-cv-01169-NJ   Filed 03/13/24   Page 5 of 14   Document 23

ii. In the event that any Party identifies any deficiency with the collected data or metadata, the Parties agree to provide each other with the opportunity to correct such deficiencies. A Party may petition the Court in accordance with the provisions of this Discovery Protocol, only if the opposing Party refuses to correct the issue, or fails to do so within a reasonable time period.

j. <u>Processing:</u>

i. A party is only required to produce a single copy of a responsive document. The Parties shall de-duplicate stand-alone documents or entire document families using MD5, SHA-1 Hash value or other common industry standard matching. However, attachments to e-mails shall not be eliminated from the parent e-mail

k. <u>Production Format:</u>

i. The Parties agree that this production format shall apply to ESI produced pursuant to this protocol as well as production of documents responsive to discovery requests unless otherwise negotiated and agreed upon.

ii. See attached "ESI Production Specifications."

iii. Should a deficiency be identified in the production format, the Parties agree to notify each other of any such deficiency and

allow a reasonable time for the producing party to correct the issue before pursuing relief from the Court.

l. <u>Passwords</u>:

   i. Passwords for any password-protected document shall be provided along with reference to the applicable Bates numbers.

m. <u>Costs</u>:

   i. Each party shall bear their own gathering, processing, and production costs for ESI.

n. <u>Inadvertent Disclosure of Privileged and/or Confidential Information</u>:

   i. Nothing in this Discovery Protocol constitutes a waiver or relinquishment of any Party's privileges, including the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, investigative privilege, or any other applicable privilege.

   ii. The Parties expressly preserve their right to "clawback" information or documents inadvertently produced or disclosed that are subject to a claim of privilege, work product, or trial preparation material in accordance with the procedure outlined in the Joint 26(f) Report.

   iii. In addition to the applicable rules in this proceeding, if, in reviewing an opposing production, a Party identifies a

document that they reasonably believe to be privileged, that Party must immediately set aside and cease to review such document(s), and contact the opposing Party to allow that Party to review and exercise their rights to clawback the document.

    iv. All documents produced pursuant to this Discovery Protocol are fully protected and covered by the Parties' confidentiality agreements and orders of the Court.

o. <u>Procedure for Amending or Obtaining Relief from the Discovery Protocol</u>:

    i. <u>Amendment</u>: The Parties may, by mutual agreement, develop and employ protocols that vary from those set forth above. Such an amendment shall be documented in writing and signed by both Parties.

    ii. <u>Additional Discovery</u>: In order to compel additional documents and ESI subsequent to the initial collection, processing or production of documents (i.e., discovery of material outside the agreed upon custodians, date range, or search terms stipulated to herein), the requesting Party must show, and the Court must find, by a preponderance of the then available evidence, that the requesting Party's additional

requests will lead to pertinent information to their claims or defenses and that the pertinent information outweighs the burden and expense of performing such additional discovery. Since additional discovery costs may be extensive, upon a showing of good cause by the responding Party, the Court may order that some, or all, of such expenses be borne by the requesting Party. Such expenses may include, but are not limited to, collection, processing, analytics, and review of the requested documents. This paragraph applies to documents and information not covered under the original requests for production.

iii. <u>Relief</u>: Any Party may request relief from the Court regarding any obligation in this Discovery Protocol. Prior to requesting relief, the Party must meet and confer in good faith with the opposing Party.

iv. <u>Severability:</u> If any provision of this Discovery Protocol is held illegal or unenforceable in a judicial proceeding, such provision shall be severed and shall be inoperative, and the remainder of this Discovery Protocol shall remain operative and binding on the Parties.

Dated: March 13, 2024

s/ Summer H. Murshid
Summer H. Murshid, State Bar No. 1075404

Martha Burke, State Bar No 1121510
Connor J. Clegg State Bar No. 1118534
Attorneys for Plaintiff
Hawks Quindel, S.C.
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: smurshid@hq-law.com
mburke@hq-law.com
cclegg@hq-law.com

s/ Christina A. Katt
Christina A. Katt, State Bar No. 1073979
Joel S. Aziere, State Bar No. 1030823
Attorneys for Defendants
Buelow Vetter Buikema Olson & Vliet, LLC
20855 Watertown Road, Suite 200
Waukesha, Wisconsin 53186
Telephone: (262) 364-0250
Fax: (262) 364-0270
Email: jaziere@buelowvetter.com
ckatt@buelowvetter.com

## SCHEDULE A – CUSTODIANS

James Sebert
Joeseph Koch

Sharon Thiede
Yesenia Chaparro
Susan Ettinger

Mark Schneider
Jared Zindler
Angie Aranda
Mary Dellar
Melissa Yow

Mark Borowski
Bette Koenig
Karrie Kozlowski
Patrick McCaffery
Marquell Moorer
Kelly Piacsek
Diane Voit
David Wadd
Anthony Zenobia

Melissa Tempel

**SCHEDULE B1 – SEARCH TERMS**

LGBTQ+
LGBTQ
Gay
Homosexual!
Rainbow
"Safe Space"
"Gay-Straight Alliance"
"Thin Blue Line"
"Black Lives Matter"
Transgender
Pride
"Controversial Issues"
"Controversial Issues Policy"
"Board Policy 2240"
"Equity Leadership Team"
"Alliance for Education"
"Dress Code"
Change.org

**SCHEDULE B2 – SEARCH TERMS**

Rainbowland
"Rainbow Connection"
Tempel
Melissa
"Melissa Tempel"
"Melissa" or "Tempel" and "Investigation"
"Melissa" or "Tempel" and "Terminat!"
"Melissa" or "Tempel" and "fire"
"Melissa" or "Tempel" and "Tweet"
"Melissa" or "Tempel" and "Twitter"
"Melissa" or "Tempel" and "Post"
"Melissa" or "Tempel" and "Social Media"
"Melissa" or "Tempel" and "Press"
@maestramelissa
@melissatempel
"Dolly Parton"
"Miley Cyrus"
Homosexual!
Gay
Unconstitutional

"First Amendment"
"Freedom of Speech"
"Free Speech"
"Protect /s Students"
"Safe! /p Students"
"Danger /p Students"
Shoot!
Threat!
Police
Lyric!
Song!
"Spring /s Concert"
Discrim!
"Student! /p harm"
"Complaint /p Rainbowland"
"Complaint /p Melissa Tempel"
Controversial
"Controversial Issues Policy"
"Board Policy 2240"