IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

MELISSA TEMPEL,

    *Plaintiff*

  v.                                    No. 2:23-CV-01169

SCHOOL DISTRICT OF WAUKESHA
and JAMES SEBERT,

    *Defendants*

## MOTION OF PROSPECTIVE *AMICI CURIAE* WISCONSIN EDUCATION ASSOCIATION COUNCIL AND NATIONAL EDUCATION ASSOCIATION FOR LEAVE TO FILE A BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    Prospective *Amici Curiae* Wisconsin Education Association Council ("WEAC") and the National Education Association ("NEA") move this Court for leave to file the attached *amici curiae* brief in support of the Plaintiff's motion for summary judgment. In support of this motion, Prospective *Amici* WEAC and NEA state as follows:

    1. This case involves Plaintiff Melissa Tempel's claim that Defendants School District of Waukesha and James Sebert suspended and then terminated her in retaliation for exercising her First Amendment rights by publicly criticizing a District policy and its enforcement. Plaintiff was terminated on July 12, 2023, and she filed her complaint on September 5, 2023.

    2. Defendants moved to dismiss the Plaintiff's claim on November 1, 2023, and Plaintiff filed a brief in opposition on November 17, 2023. This Court denied the motion on December 20, 2023.

3. Now before the court is Plaintiff's motion for summary judgment, filed on February 21, 2025. Prospective *Amici* WEAC and NEA seek to file the attached brief as *amici curiae* in support of that motion.

4. The interest of Prospective *Amici* in filing in this case is set forth in the attached brief. In short, as affiliated labor organizations that represent thousands of educators in Wisconsin, WEAC and NEA have a keen interest in securing their members' First Amendment rights to speak as citizens on matters of public concern.

5. Although the local rules of this Court contemplate the participation of *amicus curiae*,[1] "there is no rule of procedure that governs motions for leave to file a brief as an *amicus curiae*." *Doe v. Elkhorn Area Sch. Dist.*, 743 F. Supp. 3d 1053, 1062 (E.D. Wis. 2024) (cleaned up). Instead, the granting of such a motion is "a matter of judicial grace." *Id*. (cleaned up).

6. Judges of this Court have permitted the filing of *amicus* briefs in previous cases. *See id.*; *Feehan v. Wis. Elections Comm'n*, 506 F. Supp. 3d 640, 649 (E.D. Wis. 2020); *Johnson v. U.S. Off. of Pers. Mgmt.*, No. 14-C-0009, 2014 WL 1681691, at *1 (E.D. Wis. Apr. 28, 2014); *Oneida Tribe of Indians of Wis. v. Vill. of Hobart Wis.*, No. 06-C-1302, 2007 WL 3025495, at *1 (E.D. Wis. Oct. 15, 2007); *Brewer v. Wis. Bd. of Bar Examiners*, No. 04-C-0694, 2006 WL 3469598, at *3 (E.D. Wis. Nov. 28, 2006).

7. When evaluating whether to allow participation by an amicus, many of this Court's judges consider the "critical inquiry" to be "whether the brief will assist the judge by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Doe*, 743 F. Supp. 3d at 1062 (cleaned up).

---

[1] *See, e.g.,* Civil L. R. 7.1(b) (setting forth disclosure rules applicable to "[a] party, intervenor, or amicus curiae" filing a "pleading, petition, motion . . . or other request addressed to the court").

8. Prospective *Amici* do not seek to "essentially duplicate a party's brief." *Id*. (cleaned up). Instead, the attached brief offers ideas, arguments, and insights that are unique to Prospective *Amici* and their interests in this case.

9. Prospective *Amici* have contacted the parties to the case to obtain their position on this motion. The Plaintiff has consented to allowing Prospective *Amici* to submit a brief. The Defendants declined to consent.

10. Because this motion and the attached brief have been filed before the deadline set by this Court for the submission of Defendants' response to the Plaintiff's motion for summary judgment, granting Prospective *Amici* leave to file the attached brief will not prejudice any party or delay the proceedings.

WHEREFORE, Prospective *Amici* WEAC and NEA request that their motion be granted, and that this Court accept the attached brief for filing.

Respectfully submitted,

/s/ Elizabeth A. Fernandez
Elizabeth A. Fernandez
(SBN 1040206)
Wisconsin Education Association Council -
Legal Department
33 Nob Hill Rd
PO Box 8003
Madison, WI 53708-8003
Phone: (608) 276-7711
Fax: (608) 298-2326
Email: fernandeze@weac.org

Attorney for Prospective *Amici Curiae*
Wisconsin Education Association Council
and National Education Association

Date: February 28, 2025

## RULE 7.1 DISCLOSURE STATEMENT

Pursuant to Civil L. R. 7.1 of the local rules for the Eastern District of Wisconsin, and Rule 7.1(a)(1) of the Federal Rules of Civil Procedure, the Wisconsin Education Association Council (WEAC) and the National Education Association (NEA) certify that they are non-profit corporations with no parent corporation, that they issue no stock, are not publicly traded entities, and that no publicly held corporation has an ownership interest in either entity. WEAC and NEA are represented here by WEAC's General Counsel's Office.

/s/ Elizabeth A. Fernandez
Elizabeth A. Fernandez
(SBN 1040206)
Wisconsin Education Association Council -
Legal Department
33 Nob Hill Rd
PO Box 8003
Madison, WI 53708-8003
Phone: (608) 276-7711
Fax: (608) 298-2326
Email: fernandeze@weac.org

Attorney for Prospective *Amici Curiae*
Wisconsin Education Association Council
and National Education Association

Date: February 28, 2025