IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

MELISSA TEMPEL,

    *Plaintiff*

  v.                                     Case No. 2:23-CV-01169

SCHOOL DISTRICT OF WAUKESHA et al.,

    *Defendants*

## PROSPECTIVE AMICI CURIAE'S REPLY IN SUPPORT OF
## THEIR MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF

Prospective Amici Wisconsin Education Association Council (WEAC) and National Education Association (NEA) submit this reply to Defendants' opposition to their motion for leave to file an amicus brief in support of the Plaintiff's motion for summary judgment.

### ARGUMENT

In this important case concerning the First Amendment rights of public-school educators, Prospective Amici have tendered a short, well-researched brief that would be helpful to this Court in resolving the issues presented by the parties' cross-motions for summary judgment. Nothing more is needed for this Court to grant Prospective Amici's motion and accept the brief as filed. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 762–63 (7th Cir. 2020). Defendants' arguments to the contrary are all without merit.

1. Defendants contend that *amicus* briefs are inappropriate in district court. *See* Defs' Opp., ECF No. 72 at 3–4. Not so. This Court's local rules explicitly contemplate participation by amici. *See, e.g.*, Civil L. R. 7.1(b) (setting forth disclosure rules applicable to amicus curiae). And, as Prospective Amici noted in their motion for leave to file, there are numerous decisions

by courts in this district allowing amici to file briefs. *See* ECF No. 71 at ¶ 6 (collecting cases). Moreover, to the extent Defendants suggests that *amicus* briefs are helpful only on issues of law and not on questions of fact, *see* Defs' Opp., ECF No. 72 at 3, that is all the more reason to accept Prospective Amici's brief here, given that a party's entitlement to summary judgment is a question of law. *See* Fed. R. Civ. P. 56(a); *Doe v. Roe*, 52 F.3d 151, 153 (7th Cir. 1995).

2. Defendants also contend that Prospective Amici should only be allowed to file if they show the Plaintiff is inadequately represented. *See* Defs' Opp., ECF No. 72 at 4. Here, Ms. Tempel is extremely well represented by skilled counsel, who've shown convincingly that the Defendants' actions violated the First Amendment. But that poses no barrier to accepting Prospective Amici's brief because "[e]ven when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.); *Prairie Rivers Network*, 976 F.3d at 762–63 (accepting multiple amicus briefs in support of a party represented by experienced counsel from several top law firms)*; Johnson v. U.S. Off. of Pers. Mgmt.*, No. 14-C-0009, 2014 WL 1681691, at *1 (E.D. Wis. Apr. 28, 2014) (accepting for filing an amicus brief even though "it cannot be said that the parties are inadequately represented").

3. Defendants also argue—entirely paradoxically—that Prospective Amici should be turned away because they simultaneously have both too little and too much interest in the case. *Compare* Defs' Opp., ECF No. 72 at 4 (arguing that an amicus must have a "specific legal interest" in a case that would be affected by the Court's decision "by operation of stare decisis or res judicata"), *with id*. at 2–3, 5 (arguing that an amicus must also be a "neutral" third party and not a "partisan supporter[] of one party over the other"). These do not constitute ground for rejecting an amicus brief that is helpful to the Court. A showing that a court's ruling would result

in res judicata or have a similar preclusive effect would be grounds for *intervention* in a case, not mere participation as an amicus. *See* Fed. R. Civ. P. 24; *see also Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021) (rejecting the notion that an amicus must have such a "legally cognizable interest" in the outcome of a case). And the idea that an amicus must be truly neutral and disinterested "became outdated long ago." *Neonatology*, 293 F.3d at 131; *see also Prairie Rivers,* 976 F.3d at 763 ("[T]he fiction that an *amicus* acts as a neutral information broker, and not an advocate, is long gone."). Any suggestion "that a strong advocate cannot truly be the court's friend" is "contrary to the fundamental assumption of our adversary system that strong (but fair) advocacy on behalf of opposing views promotes sound decision making." *Neonatology*, 293 F.3d at 131; *see also Prairie Rivers,* 976 F.3d at 763 ("[E]ven a friend of the court interested in a particular outcome can contribute in clear and distinct ways. . .").

    4. Defendants also fault Prospective Amici for focusing their brief on the First Amendment claim argued by the Plaintiff—rather than, presumably, introducing brand new claims and legal theories. *See* Defs' Opp., ECF No. 72 at 5. But that is not the role of an amicus. *See Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1056 (7th Cir. 2019) (explaining that courts generally will not even consider an argument raised solely by an *amicus*). A "true friend of the court will seek to add value to [the Court's] evaluation of the *issues presented*." *Prairie Rivers,* 976 F.3d at 763 (emphasis added); *see also Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

    Prospective Amici's brief clearly does so here. Specifically, their brief provides analysis gathering case law from courts across the country—much of which was not cited by either party—showing that public employers cannot rely on chain-of-command and similar personnel rules to discipline employees for speech protected by the First Amendment. *See* Amici's Br.,

ECF No. 71-1, at 4–8. The brief also calls the Court's attention to binding circuit precedent, *Knapp v. Whitaker*, 757 F.2d 827 (7th Cir. 1985), that had not been cited in any earlier briefing and that explicitly forecloses one of the Defendants' primary arguments. *See* Amici's Br., ECF No. 71-1, at 8. The brief also provides helpful analysis—including cases not cited by either party—explaining how the Court's evaluation of *Pickering* balancing should be influenced by the importance of Ms. Tempel's speech, the School District's lack of interest in shielding itself from public scrutiny, and the School District's own role in stirring controversy. *See id.* at 10–15. And, as a final overarching matter, the brief alerts the Court to the broad practical implications of that potential ruling could have for educators in the state. Accordingly, the brief "offer[s] something different, new, and important." *Prairie Rivers*, 976 F.3d at 764.

Defendants' complaints about "cheerleading," s*ee* Defs' Opp., ECF No. 72 at 5, therefore ring hollow. Prospective Amici's brief does not merely "repeat" a party's arguments or serve "only as a show of hands on what interest groups are rooting for what outcome." *Prairie Rivers*, 976 F.3d at 763. It provides well-reasoned and well-researched legal perspectives beyond those developed by the parties. *See Sierra Club, Inc. v. EPA*, 358 F.3d 516, 518 (7th Cir. 2004); *see also Prairie Rivers*, 976 F.3d at 764 (recognizing that some rehashing of the parties' arguments is "perhaps inevitable," but nevertheless accepting amicus briefs for filing that either provided context, shared insight into the practical implications of the outcome of the case, or addressed case law not relied on by the parties).

5. The Court should not credit Defendants' unsubstantiated claim that they would be prejudiced by the acceptance of Prospective Amici's brief. *See* Defs' Opp., ECF No. 72 at 5. They do not claim to have been ambushed by a late brief, that they will not have adequate time to respond, or that accepting the brief will result in undue delay. Indeed, to the extent Defendants

believe that Prospective Amici's brief adds nothing to Plaintiffs' arguments in the case, it is difficult to imagine what prejudice they *could* claim, as they are free to ignore the brief entirely.

\*     \*     \*

Our "adversarial system of justice is based on the same fundamental premise as our First Amendment—a firm belief in the robust and fearless exchange of ideas as the best mechanism for uncovering the truth." *Lefebure*, 15 F.4th at 674. The importance of these fundamental principles is particularly apparent in this case. When Ms. Tempel criticized the School District's controversial issues policy, the Defendants sought to silence her rather than engage in public discourse and compete in the marketplace of ideas. Now, faced with a proposed *amicus* brief that aids the Court in analyzing the legal issues in this case, Defendants—rather than making arguments on the merits—seek to suppress it. This Court should welcome the brief as a contribution to the "exchange of competing views to ensure the discovery of truth and avoid error," rather than be "deprived of a resource that might have been of assistance." *Id*. at 674, 676.

## CONCLUSION

For the foregoing reasons, the Court should grant Prospective Amici's motion.

Respectfully submitted,

/s/ Elizabeth A. Fernandez
Elizabeth A. Fernandez (SBN 1040206)
Wisconsin Education Association Council
33 Nob Hill Rd
PO Box 8003
Madison, WI 53708-8003
Phone: (608) 276-7711
Fax: (608) 298-2326
Email: fernandeze@weac.org

Attorney for *Amici Curiae* WEAC and NEA

Dated: March 13, 2025