UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELISSA TEMPEL,

        Ms. Tempel,                      Case No.: 2:23-CV-01169

v.

SCHOOL DISTRICT OF WAUKESHA, et. al

        Defendants.

**DEFENDANTS' RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S CIV. L. R. 7(h) EXPEDITED NON-DISPOSITVE MOTION TO STRIKE**

        Plaintiff attempts to mislead the Court by asserting, "Defendants argue for the first time in Section I of the reply brief that the Court should only consider evidence that was presented at Plaintiff's termination hearing." [Dkt. #101, p. 1]. That is patently untrue. Defendants first raised this argument in Defendant's Response Brief in Opposition to Plaintiff's Motion for Summary Judgment. [Dkt. #86, pp. 5-6]. This is the first time Defendants could have raised the issue because Plaintiff's Motion for Summary Judgment was the first time Plaintiff attempted to use evidence never presented at Plaintiff's termination hearing. Moreover, Plaintiff directly responded to this argument in her own Reply Brief. [Dkt. #96, pp. 2-3].

        When Plaintiff relied on this same evidence (never presented at Plaintiff's termination hearing) in Plaintiff's Response Brief in Opposition to Defendant's Motion for Summary Judgment, in its Reply Brief, Defendant, <u>for the second time</u>, raised the same issue previously asserted. [Dkt. #99, p. 3]. As such, Plaintiff's motion to strike has no merit.

**STATEMENT OF FACTS**

        The parties filed cross-motions for summary judgment on February 21, 2025. [Dkts. #56–70]. In her opening brief, Plaintiff submitted declarations from Angela Aranda, Brittany

Dewindt, Jared Ziegler, and Emily Scholtka. [Dkts. #59–62]. These declarations introduced evidence that was not presented to the Board of Education at Plaintiff's termination hearing on July 12, 2023, and sought to contradict[1] the testimony that *was* provided at the hearing. [See Dkt. #31].

On March 24, 2025, the parties filed their respective response briefs. [Dkts. #83, 86]. In their Response Brief, Defendants' first argument expressly objected to Plaintiff's improper reliance on irrelevant declarations from Aranda, Dewindt, Ziegler, and Scholtka. [Dkt. #86, p. 5]. In her Response Brief in opposition to Defendants' Motion for Summary Judgment, Plaintiff again relied on these same declarations, and additionally introduced a new declaration from Jodi Callies. [Dkts. #81–83].

The parties filed their reply briefs on April 7, 2025. [Dkts. #99, 96]. In response to Plaintiff's continued reliance on these improper declarations, Defendants, in Section I of their Reply Brief, renewed their objection to the declarations submitted. [Dkt. #99, Defs' Reply Br., p. 4]. Plaintiff, in turn, directly addressed Defendants' objection in her Reply Brief. [Dkt. #96, Pl.'s Reply Br., pp. 2–3].

## ARGUMENT

I. **DEFENDANTS' REPLY BRIEF PROPERLY ADDRESSES AND REBUTS THE ARGUMENTS AND SUPPORTING EVIDENCE RAISED IN PLAINTIFF'S RESPONSE BRIEF.**

Plaintiff's Motion to Strike rests on a fundamentally flawed premise that a reply brief must simply reiterate arguments presented in a movant's principal brief. But the purpose of a reply is to counter arguments presented in a response brief. *See Woods v. Wells Fargo Fin. Bank*,

---

[1] Plaintiff's attempt to analogize her improper reliance on irrelevant declarations to Defendants' citations to deposition testimony—depositions noticed and taken by Plaintiff herself—is unavailing. Defendants cited the deposition testimony of Chad Pergande, Sue Ettinger, Yesenia Chaparro, and Katie Dellar for the appropriate and limited purpose of corroborating evidence that was already presented at the termination hearing, which Plaintiff now seeks to discredit with her newly submitted declarations containing testimony never presented.

2

753 F. Supp.2d 784, 788 (S.D. Ind. 2010) (finding "the purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion.") (quotations omitted) (citations omitted). "The purpose of a reply is to allow the original movant to address any such additional evidence that was raised in the. response." *Roos v. Patterson*, Case No. 10-4073, 2013 BL 401575, at *2 (C.D. Ill. July 26, 2013); *North v. Madison Area Ass'n for Retarded Citizens-Developmental Ctrs. Corp.*, 844 F.2d 401, 405 n. 6 (7th Cir.1988) (holding that arguments first raised in appellant's reply brief were in answer to those raised in appellee's brief, and therefore refusing to strike those arguments).

Here, Section I of Defendants' Reply Brief directly responds to "***Plaintiff's reliance***" on irrelevant declarations submitted in support of her Response Brief. Contrary to Plaintiff's assertion, this is not a "new argument" introduced at the reply stage, but a proper rebuttal to positions and evidence newly asserted by Plaintiff in opposition to Defendants' motion. Plaintiff's Motion to Strike should be denied.

## II. PLAINTIFF SUFFERS NO PREJUDICE FROM THE COURT CONSIDERING SECTION I OF DEFENDANTS' REPLY BRIEF.

While Section I of Defendants' Reply Brief is not an impermissible "new argument," it is also not an argument to which Plaintiff lacked an opportunity to respond. Defendants' Response Brief in Opposition to Plaintiff's Motion for Summary Judgment raised the same argument. Plaintiff had a full and fair opportunity to respond to this argument in her Reply Brief in Support of her Motion for Summary Judgment, <u>and she did so</u>. The argument is fully briefed by both parties and presents no unfairness or prejudice to Plaintiff.

## CONCLUSION

3

As set forth above, Defendants respectfully request the Court deny Plaintiff's Civ. L. R. 7(h) Expedited Non-Disposition Motion to Strike.

Dated this 25th day of April, 2025.

Respectfully Submitted,

BUELOW VETTER BUIKEMA OLSON
& VLIET, LLC

*/s/ Joel S. Aziere*
Joel S. Aziere (WI Bar No. 1030823)
jaziere@buelowvetter.com
Christina A. Katt (WI Bar No. 1073979)
ckatt@buelowvetter.com
Hunter M. Cone (WI Bar No. 1123048)
hcone@buelowvetter.com

Buelow Vetter Buikema Olson & Vliet, LLC
20855 Watertown Road, Suite 200
Waukesha, Wisconsin 53186
Telephone: (262) 364-0250
Facsimile: (262) 364-0270

*Attorneys for Defendants, School District of Waukesha and James Sebert*